NOT PRECEDENTIAL

IN THE UNITED STATES COURT
OF APPEALS
FOR THE THIRD CIRCUIT

———————

NO. 08-1773

———————

SHAWN HOSEA VANLIER,

　　　　　　　　　　　　　　　　Appellant

v.

Warden, THOMAS CARROLL;
ATTORNEY GENERAL JANE BRADY

———————

On Appeal From the United States
District Court
For the District of Delaware
(D.C. Civil Action No. 1-05-cv-00763)
District Judge:  Hon. Gregory M. Sleet

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 28, 2010

BEFORE:  McKEE, *Chief Judge*, RENDELL and
STAPLETON, *Circuit Judges*

(Opinion Filed: June 17, 2010)

———————

STAPLETON, Circuit Judge:

This appeal of the District Court's denial of a writ of habeas corpus to Shawn Hosea VanLier raises the following two issues: (1) whether VanLier's constitutional right to a speedy trial was violated; and (2) whether trial counsel was ineffective in failing to file a motion to dismiss the indictment or failing to file a petition for writ of habeas corpus based upon the denial of VanLier's speedy trial rights. We will affirm.

I.

Officers of the Wilmington Police Department arrested VanLier on September 9, 1998, after a sexual assault victim identified him as her attacker in a police photo array. Just over a month later, on October 13, 1998, a grand jury in New Castle County returned a four-count indictment, charging VanLier with attempted rape in the first degree, kidnapping in the first degree, reckless endangering in the second degree, and assault in the third degree.

Meanwhile, shortly after VanLier's arrest, the police sent hair samples and other evidence from the scene of the attack to an FBI forensic lab for testing. An initial lab report inculpating VanLier was forwarded to the State in September 1999. However, on

November 15, 1999, the State received a final mitochondrial DNA report which excluded VanLier as the source of any of the hair samples.

The Delaware Superior Court considered discovery closed as of March 6, 2000, and on April 6, 2000, the court set a trial date of August 22, 2000. The defense intended to introduce the exculpatory DNA evidence at trial, but on June 27, 2000, the State filed a motion *in limine* to exclude evidence of the mitochondrial DNA examination, on grounds that "[m]itochondrial DNA analysis is a relatively new form of DNA sequencing and has never before been deemed admissible by Delaware courts." App. at 105. On July 25, 2000, the parties filed a joint request for a continuance, on grounds that there was not enough time before the August 22, 2000 trial date in which to prepare for and hold a *Daubert* hearing on the State's motion *in limine*, and that "[d]efense counsel will be in a capital murder trial [that] may extend into the week of August 21, 2000." *Id.* at 111-12. The court granted the continuance request and rescheduled the trial for March 2001. Eventually, the parties entered into a stipulation that was read to the jury stating that "[t]he evidence in this case was collected and preserved and sent to the FBI laboratory. There is no forensic evidence that ties the defendant to the crime." *Id.* at 177.

On March 14, 2001, approximately two and one-half years from the time VanLier was arrested, trial commenced in the Delaware Superior Court. During this time between the arrest and trial, defense counsel did not file a motion to dismiss the indictment on speedy trial grounds, despite the fact that VanLier attempted to file two such motions *pro*

3

*se*. On March 16, 2001, the jury found VanLier guilty of all charges. The Superior Court sentenced VanLier to a term of incarceration of twenty-seven years to be followed by probation for the balance of his life.

VanLier appealed, and the Supreme Court of Delaware affirmed his conviction and sentence. VanLier then filed a *pro se* motion for post-conviction relief, and the Superior Court denied the motion in part, dismissing all of the claims except that of ineffective assistance of counsel. On the ineffective assistance claim, the Superior Court ordered an expansion of the record. Regarding VanLier's speedy trial claim, the Superior Court concluded that the Delaware Supreme Court considered and rejected the claim on direct appeal, and so the claim was barred under Delaware Superior Court Criminal Rule 61(i)(4). *State v. VanLier*, 2004 WL 692633, at *1 (Del. Super. Ct. Mar. 22, 2004). VanLier filed an interlocutory appeal of this order of the Superior Court, and the Delaware Supreme Court dismissed the appeal for lack of jurisdiction. Following further submissions by VanLier's trial counsel, the Superior Court denied VanLier's claim for post-conviction relief on ineffective assistance grounds. VanLier once again appealed, and the Delaware Supreme Court affirmed the Superior Court's order denying post-conviction relief.

VanLier then instituted this habeas corpus proceeding in the United States District Court for the District of Delaware, asserting numerous claims for relief. The District Court denied relief and declined to issue a certificate of appealability. VanLier filed a

4

notice of appeal and request for certificate of appealability, and we granted the certificate as to three issues: "(1) whether [VanLier's] constitutional right to a speedy trial was violated; (2) whether trial counsel was ineffective for failing to file a motion to dismiss the indictment or a petition for writ of habeas corpus based on the denial of [VanLier's] constitutional right to a speedy trial; and (3) whether [VanLier's] ineffective assistance of counsel claims were properly presented to the state courts and, accordingly, are exhausted."

## II.

The District Court had jurisdiction over VanLier's petition for a writ of habeas corpus under 28 U.S.C. §§ 2241 and 2254. We have jurisdiction to review the District Court's denial of the writ pursuant to 28 U.S.C. §§ 1291 and 2253.

When reviewing a district court decision concerning a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, "[w]e apply the same standards as the District Court, as mandated by the Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA')." *Jacobs v. Horn*, 395 F.3d 92, 99 (3d Cir. 2005).

Under AEDPA, habeas relief on behalf of a person in custody pursuant to a judgment of a state court cannot be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the decision is contrary to, or involves an unreasonable application of, clearly established federal law, or is based on an unreasonable determination of the facts in light of the evidence presented in the state

5

court proceeding. 18 U.S.C. § 2254(d). AEDPA thus limits a federal court's authority to grant habeas relief when a state court has previously considered and rejected the federal claims on the merits.

"Under the 'unreasonable application' clause [of § 2254(d)], a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Jermyn v. Horn*, 266 F.3d 257, 281-82 (3d Cir. 2001) (quoting *Williams v. Taylor*, 529 U.S. 362 (2000)). In determining whether the state court unreasonably applied Supreme Court precedent, the question is whether the state court's application of federal law was objectively unreasonable, not whether the application was, in the judgment of the federal habeas court, erroneous or incorrect. *Id.* at 282.

### III.

We turn first to VanLier's argument that his constitutional right to a speedy trial was violated during the two and one-half years between the time he was arrested and the start of his trial. The Sixth Amendment guarantees to criminal defendants "the right to a speedy and public trial." U.S. Const. amend. VI. The Supreme Court in *Barker v. Wingo*, 407 U.S. 514 (1972), identified the factors "courts should assess in determining whether a particular defendant has been deprived of [this] right . . . [l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Id.* at 530.

The first factor, "[t]he length of the delay[,] is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *Id.* The Supreme Court has suggested that delays of one year or more trigger an analysis of the remaining *Barker* factors. *See Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992) (noting that "the lower courts have generally found postaccusation delay 'presumptively prejudicial' at least as it approaches one year," and this "marks the point at which courts deem the delay unreasonable enough to trigger the *Barker* enquiry").

Regarding the third *Barker* factor, "[p]rejudice . . . should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect . . . (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." *Barker*, 407 U.S. at 532. "Of these, the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Id.*

The Delaware Supreme Court on direct appeal properly identified *Barker* and its enumeration of the above-mentioned factors as the governing precedent regarding VanLier's speedy trial claim. *VanLier v. State*, No. 287, 2001, 2002 WL 31883016, at *2 (Del. Dec. 27, 2002). The question for us, then, given the AEDPA standard of review, is whether the Court unreasonably applied *Barker* and its factors in denying VanLier's claim.

7

The Delaware Supreme Court noted *Barker*'s statement that "none of the four factors is 'either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial.'" *Id.* (quoting *Barker*, 407 U.S. at 533). Indeed, the *Barker* Court held that the four factors are "related . . . and must be considered together with such other circumstances as may be relevant. In sum, these factors have no talismanic qualities; courts must still engage in a difficult and sensitive balancing process." *Barker*, 407 U.S. at 533. Nevertheless, the Delaware Supreme Court concluded "that a discussion of all four factors is unnecessary because the record clearly shows that VanLier suffered no prejudice to his defense as a result of the delay." *VanLier*, 2002 WL 31883016, at *2. In other words, the Court short-circuited the *Barker* analysis by focusing only on the fourth factor, prejudice to the defendant, and it did so by focusing only on the third type of prejudice noted by the *Barker* Court, impairment of a defense.

Notwithstanding these deficiencies in the Delaware Supreme Court's analysis, we agree with and hereby adopt the District Court's comprehensive and careful analysis of the remaining *Barker* factors, and its conclusion that while "the 10 month delay attributed to the difficulties in obtaining the DNA results should be weighed slightly against the State . . . as a whole, the State pursued VanLier's case with reasonable diligence," and "[b]alancing that factor with VanLier's failure to demonstrate prejudice . . . the Delaware Supreme Court did not unreasonably apply *Barker*." *VanLier v. Carroll*, 535 F. Supp. 2d 467, 483 (D. Del. 2008).

8

For the reasons given by the District Court, we conclude that the result reached by the Delaware Supreme Court was not contrary to, and did not involve an unreasonable application of, clearly established federal law, and we will affirm.

IV.

Regarding VanLier's claim that trial counsel was ineffective in failing to file a motion to dismiss the indictment or failing to file a petition for writ of habeas corpus based on the speedy trial issue, where there is no merit to an issue, counsel was not ineffective for failing to raise that issue. *See Thomas v. Horn*, 570 F.3d 105, 121 n.7 (3d Cir. 2009) ("Because we see no merit to [petitioner's] underlying claim of error, we also hold that counsel was not ineffective for failing to object."). We have adopted the District Court's analysis of and conclusion concerning the *Barker* factors, and thus VanLier's speedy trial rights were not violated. Therefore, counsel was not ineffective for failing to raise the speedy trial issue either by a motion to dismiss or by a petition for writ of habeas corpus.[1]

V.

For the foregoing reasons, we will AFFIRM the judgment of the District Court.

---

[1] Regarding the final issue on which we granted the certificate of appealability, "whether [VanLier's] ineffective assistance of counsel claims were properly presented to the state courts and, accordingly, are exhausted," given that counsel was not ineffective for failing to raise these issues, it matters not whether the ineffective assistance of counsel claims were properly presented to the state courts. Thus, we need not address this issue further.